JOSEPH G. YETMAN and EVELYN Z. YETMAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Yetman v. Commissioner
Docket No. 9599-75.
United States Tax Court
T.C. Memo 1978-52; 1978 Tax Ct. Memo LEXIS 461; 37 T.C.M. (CCH) 273; T.C.M. (RIA) 780052; February 13, 1978, Filed Joseph G. Yetman, pro se. Wayne B. Henry, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Evelyn Z. Yetman:
Additions to Taxable Year
Income Tax
Tax § 6653(a) [1]
1968
$252.98
$12.65
1969
319.98
16.00
1970
294.03
14.70
1971
394.54
19.73
1972
527.98
26.40
*462 Joseph G. Yetman
Additions to Tax Taxable Year
Income Tax § 6651(a) § 6653(a)
1968
$ 980.17
$232.99
$ 49.01
1969
1,627.43
406.86
81.37
1970
2,416.29
604.07
120.81
1971
1,281.93
265.99
64.10
1972
822.42
205.61
41.12
The issue remaining for decision is whether petitioners are entitled to compute their tax liabilities for each of the years 1968 through 1972, inclusive, using joint return rates. All of the facts have been stipulated and are so found. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. At the time of the filing of the petition herein, petitioners were husband and wife and resided in Lincoln, Nebraska. Petitioners have not filed a Federal income tax return for any of the taxable years 1968 through 1972, inclusive. Petitioners do not allege error with respect to the respondent's determination against petitioner Evelyn Z. Yetman.
Petitioner Joseph G. Yetman had taxable income for the taxable years 1968 through 1971 in the following amounts: Year
Taxable Income
1968
$3,467.23
1969
5,651.31
1970
7,861.59
1971
3,588.99
1972
2,298.42
*463 Joseph G. Yetman had income from self-employment, subject to the tax on self-employment income as follows: Year
Self-Employment Income
1968
none
1969
$1,398.14
1970
5,326.98
1971
2,877.97
1972
2,280.06
Petitioner Joseph G. Yetman is not entitled to an exemption for any children for the taxable year 1972. Separate notices of deficiency were issued to each petitioner in computing deficiencies. The notices of deficiency used the rates applicable to married persons filing separate returns. Section 6013(a) provides in pertinent part that: * * * A husband and wife may make a single return jointly of income taxes under subtitle A, even though one of the spouses has neither gross income nor deductions * * *. Petitioner contends that respondent should have given him the benefit of the joint return rates in computing his deficiency for the years in issue. The Court does not agree with petitioners' contention. The statute clearly predicates the benefits of joint return rates on the filing of a joint return by husband and wife. This Court has held that no other method for obtaining the benefits of a joint return is provided. , *464 affg. a Memorandum Opinion of this Court. Petitioners' request in their amended petition to be taxed at joint rates is not the equivalent of electing to file jointly under section 6013. , affd. in part, revd. in part and remanded, ; Accordingly, since petitioners did not file a Federal income tax return for any of the taxable years 1968 through 1972, they are not entitled to joint return status for the years 1968 through 1972, inclusive, under section 6013. Decision will be entered under Rule 155. Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954.↩